Deputy Clerk
By
DOUGLAS F. YOUNG, Clerk

DEC 11 2018
FILED
WESTERN DIST ARKANSAS
US DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**KRYSTAL MEGAN DELIMA**

>  **Plaintiff**

>  **VS.**                                           **CASE NO. 17-5244**

**WAL-MART STORES ARKANSAS, LLC.**

>  **Defendant**

## PLAINTIFF'S MOTION TO SUPRESS ALL PARTS OF KRYSTAL MEGAN DELIMA DEPOSITION TRANSCRIPT

Comes, now Plaintiff and filed this Motion to Suppress all parts of plaintiff's

deposition transcript that was taken on 10/18/2018. Plaintiff is in Objection to the use

of this transcript in any court proceeding evidence on the grounds that the officer who

conducted the deposition had obtained the transcript of plaintiff's testimony through

violations under Federal Rules of Civil Procedures Rule-30. Plaintiff's brief in support

had described all the the violations and the attached exhibits were identified in support

for this motion to suppress. Defendant's violated deponent's rights under the Federal

Rules of Civil Procedure was detrimental to plaintiff's case. Defendant's used of the

deposition adversely obtained and used it against plaintiff to support defendant's motion

for summary judgment was detrimental to plaintiff's case.

Plaintiff believes that sanctions are also available under the law. See, for example, *United States v National Medical Enterprises, Inc,* **792 F2d 906,910** (9th Cir **1986**) (allowing Rule **37(b)** sanctions under the assumption, without comment, that protective order violations fall

within the Rule's authority to sanction "if a party fails to comply with a discovery order");

*Falstaff Brewing Corp v Miller Brewing Co,* **702 F2d 770, 784** (9th Cir **1983)** (upholding Rule **37(b)** sanctions for a protective order violation without discussing the Rule's applicability to protective orders).

Violation under Rule 30 (b) (5)- Officer's Duties:

1. Motion to Suppress is appropriate when the testimony is the product of unreliable principles and methods; and the transcript is not accurate and trustworthy due to violations to deponent's rights during the deposition when the deposition officer violated FRCP – Rule 30 (b) (5) Officer's Duties.

2. On 10/18/2018, Defendant's counsel conducted a deposition of Plaintiff, Krystal Megan Delima, at the office of Mitchell, Williams, Selig, Gates, & Woodyard PLLC. At 4206 South J. B. Hunt Drive Suite # 200 Rogers, Arkansas 72758. During the deposition, the officer, Atty. Crawford, failed to perform its duties and violated several rules under **FRCP 30 (b) (5) Officer's Duties** as stated below:

   a. *__Under the Rule 30 (b) (5)(A) ( i__* ), the officer did not state on the record the business address.

   b. *__Under the Rule 30 (b) (5) (A) ( ii__* ), the officer did state on the record the time, and place where the deposition was conducted.

   c. *__Under the Rule 30 (b) (5) (A)(v)__*- the officer did not identify all persons present.

**Attached in plaintiff's brief in support is the Certified Transcript of the Deposition of the Krystal Megan Delima on 10/18/2018, as Plaintiff Exhibit 32.**

   d. *__FRCP 30 (b) (5) (C)__*- *After the Deposition. At the end of a deposition, the officer must state on the record that the deposition is complete and must set out any*

*stipulations made by the attorneys about custody of the transcript or recording and of the exhibits, or about any other pertinent matters.*

d-1.  At the end of a deposition, the officer did not state on the record and did not set out the custody of the transcript or recording or about any other pertinent matters. The defendant's officer did not state on the record that,  Alexander Real Time Reporting and its address,  that this company is going to be involved in the  transcription and handling of plaintiff's deposition.

**Attached in plaintiff's brief in support  is Page 129 of plaintiff's deposition, as Plaintiff Exhibit -33**

## VIOLATIONS UNDER PROTECTIVE ORDER-FRCP-Rule 26 (c) (E) (F) (H)

3.  **OTHER REASONS WHY ALL PARTS OF THE DEPOSITION TRANSCRIPT OF KRYSTAL MEGAN DELIMA MUST BE SUPPRESSED**

   a.  On 10/29/2018, the defendant filed a Motion for Summary Judgment and supported its motion with Uncertified Rough Draft Transcript of plaintiff, Krystal Megan Delima.  Plaintiff on that time was not yet given the chance to see and read the transcript.  During the deposition, plaintiff requested a copy of the transcript and also inquired of the amount to purchase it. On 10/29/2018, plaintiff emailed and inquired if the transcript is already available, but the stenographer, Stevi Way, responded  on her email that the transcript was not ready and cannot quote the amount until it was done. The plaintiff has not yet been given the chance to read the transcript but defendant already filed the Uncertified Rough

Draft Transcript of plaintiff's deposition to support its motion for summary

judgment.    Another company, Alexander Real Time Reporting LLC, was

claiming that they have plaintiff's transcript and emailed plaintiff.  The officer did

not disclosed that information at the end of the deposition and was not stated on

the record.  Deponent's protected private and confidential information had been

exposed and  deponent's transcript has been passed around form one hand to

the other.  Deposition's integrity has been compromised and the testimony is

unreliable and untrustworthy for use in evidence.  .

b.  **Federal Rules Of Civil Procedure –Rule 32 (d) (4)-** *To Completing and*
*Returning the Deposition. An objection to how the officer    transcribed the*
*testimony—or prepared, signed, certified, sealed, endorsed, sent, or otherwise*
*dealt with the deposition—is waived unless a motion to suppress is made*
*promptly after the error or irregularity becomes known or, with reasonable*
*diligence, could have been known.*


c.  Plaintiff had been diligent and corrected some errors and was able to submit 8-
paged ERRATA SHEET before the 30 days as allowed under Federal Rules of
Civil Procedure  Rule 32-(d) (4)and there are 56 changes and out them,  are 32
changes are because   transcription dropped the correct words and added new
words and plaintiff was able to put them back into the Errata Sheet. Few of them
were wrong spelling, and some plaintiff's  corrections were due to compound
questions and confusions, confilcts  and inconsistencies.   Plaintiff made the
changes for clarifications and completeness to plaintiff's testimony.  Each

separate change   was supported with reason or reasons and plaintiff  certified, signed,  dated and have it notarized and was sent to Alexander Realtime Reportng LLC., on  11/27/2018 and was confirmed that it was received on 11/28/2018.

4.  The behavior of the offender goes beyond transgression of the rules, but the transgression was for the purpose of producing evidentiary materials to support its Motion for Summary Judgement.  The extent that the defendant had obtained the testimony in bad faith, to which the violations prejudiced plaintiff  when such evidence is sought to be offered against plaintiff.  Defendant has been rampant in violating procedural requirement  in obtaining  evidences that they can use to support their claims.  Defendant claimed it did not break any policy in preserving a video  for the injury incident  because defendant had saved a video  and therefore  it followed the policy of preserving the video.  But the defendant is showing a video not the scene of the incident where the injury occurred, the  police incident report can clearly contradict that.  Likewise, defendants violation in obtaining the testimony from plaintiff to use against plaintiff and support it to defendant's motion for summary judgment obtained through  violations and transgressions of the deponents rights under the Federal Rules of Civil Procedure Rule 30 (b) (5) (A) or whether it was violating production requirements to file supportive documents in support for its motion for summary judgment  under Rule 56 (c)or obtaining testimony from violating the Federal Rules of Civil Procedures.  Plaintiff has to point out defendant's violations so that the Court can provide proper remedy to have defendant obey the laws and not violate them.

5.   Defendants had abused its discretion and violated deponent's rights under  FRCP
-Rule 30 (b) (5) (A) (i), (ii), and (v) and FRCP 30 (b) (5) (C). Defendant's violations to
the above rules rendered plaintiff testimony unreliable and untrustworthy to be used
in evidence and plaintiff's deposition transcript must be suppressed due to the above
reasons as stated.

6. **The defendant's officer had also violated under the Protective Order under the
FRCP-Rule 26 (c) (E) (F) (H). The defendant had violated plaitiff's protective order
of  medical information, financial, private information, and other privacy and
confedential related matters, passing around plaintiff's deposition without
plaintiff' permission or without the court's permission. Plaintiff's private and
confedential information had exposed and defendant violated the privacy of
healthe information.**

7.  The defendant's officer who conducted the deposition, Atty. Bryce Crawford  had
been instructed by Alexander Realtime Reporting LLC.  to attach the Errata Sheets of
Krystal Megan Delima to its original transcript.. **Attached is Plaintiff Exhibit 35.**

**Attached to Plaintiff's Brief  in Support for Plaintiff's Motion to Suppress are the
following:**

**1.) Plaintiff Exhibit 20, 20a, 20b, 20c, 20d, 20e- Affidavit of Witness, by Zenith
Hazel J. Delima Thompson.**

**2.)  Plaintiff Exhibit 24- Defendant's  document filed on 10/29/2018 to support
defendant's motion to summary judgment, quoted excerpt form Uncertified
 Rough Draft of Krystal Megan Delima's deposition.**

**3.) Plaintiff Exhibit 25- Gmail email communication by Stevi Way, the stenographer that recorded the depositio stating the transcript was not ready.**

**4.) Plaintiff Exhibit 26- Sales Invoice- from Alexander Realtime Reporting LLC. Plaintiff paid to receive the transcript.**

**5.) Plaintiff Exhibit 27- Alexander Realtime Reporting LLC. Stating that they have sent to plaintiff electronic copy of plaintiff's deposition and also instructions on how to make corrections on the Errata Sheets.**

**6.) Plaintiff Exhibit 28, 28a, 28b, 28c, 28d, 28e, 28f, and 28g 8-paged Krystal Megan Delima Errata Sheet,** certified, signed, dated and notarized, identified as. plaintiff's

**7.) Plaintiff Exhibit 35- Alexander Realtime Reporting LLC., a letter to Mr. Bryce Crawford instructing him to attach the Errata Sheets of Krystal Megan Delima to it original transcript.**

Therefore, plaintiff prays for the court to grant plaintiff's Motion to Suppress All Parts of Plaintiff's Deposition Transcript. Plaintiff also prays for all the reliefs deemed just and fair and all its costs.

Respectfully Submitted by:

Krystal Megan Delima, Plaintiff / Pro Se
54985  County Road 586
Kansas, Oklahoma 74347
(479)238-3566

Date: 12/11/2018