IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**KRYSTAL MEGAN DELIMA**                                                            **PLAINTIFF**

v.                                    **CASE NO. 5:17-CV-5244**

**WAL-MART STORES ARKANSAS, LLC**                                        **DEFENDANT**

OPINION AND ORDER

Currently before the Court are Plaintiff Krystal Megan Delima's Motion for Order to Correct Testimony (Doc. 148), and three separate Motions for Correction (Docs 149, 150, 151) which detail the proposed corrections Ms. Delima seeks.

Ms. Delima's motions explain that she ordered several transcripts of excerpts of witness testimony from the jury trial held in February.[1] After reviewing those transcripts, Ms. Delima accuses the court reporter of numerous indiscretions, including "fabrication of non-sensible words," and deletions and replacements with words that were out of context with what Ms. Delima claims the testimony really was. *See, e.g.*, Doc. 148, p. 1. She additionally requests the audio back-up file of these transcripts.

The Court has reviewed the numerous alleged errors in the transcript excerpts and finds that Ms. Delima's allegations are almost entirely without merit. The vast majority of Ms. Delima's proposed changes are labeled "clarifications." Ms. Delima claims that the transcript is incorrect because it contains words that repeat, incomplete sentences, incorrect verb tense, etc. What Ms. Delima fails to appreciate is that the court reporter's job is not to take what was said from the witness stand or the bench and convert it into

---

[1] To be clear, Ms. Delima did not order the entire trial transcript. Instead, she ordered excerpts, consisting of the testimony of four specific fact witnesses. *See* Docs. 143-146.

1

the Queen's English. Her job is to transcribe exactly what was said. Therefore, when a witness, Judge, or attorney repeats phrases, interrupts prior thoughts to begin anew, or uses incomplete sentences, that is what the transcript should (and in this case does) reflect. Thus, Ms. Delima's wishes that the transcript be updated to reflect the complete thoughts of how she contends the witness intended to testify is misplaced.[2] It is improper to change a transcript after the trial to reflect testimony that was never given.

There are, however, two instances where a correction will be ordered.[3] First, Ms. Delima is correct that the index for the transcript of Zenith Thompson's testimony incorrectly lists the Court Reporter's Certification as being on page 33. It really is on page 14. Second, the transcript of Ms. Delima's narrative testimony includes the word "open" when Ms. Delima contends that it should be "often." After reviewing the audio, it is an extremely close call about whether the word said was "open" or "often." It appears that the way Ms. Delima pronounced the word may have contributed to it being transcribed as "open." Nevertheless, after reviewing the context, the Court is left with the impression that the transcript should be corrected to "often." Therefore, the Court will direct the Court Reporter to amend the transcripts to 1) correct the page number of the Court's Reporter's Certification on the index of Doc. 144 and 2) to change the word "open" to "often" on page

---

[2] For example, the transcript reflects that Ms. Delima testified that she arrived at the store at 6 p.m. She now wishes the transcript to reflect that she arrived between 5 and 5:30. (Doc. 151, p. 1). But, as that is not what her testimony was during the trial, it is inappropriate to change the transcript.

[3] Technically, Federal Rule of Appellate Procedure 10(e)(2) only envisions corrections of "material" errors or omissions. The Court will give Ms. Delima the benefit of the doubt here, even though the Court is extremely skeptical as to how or why these matters are material.

4 of Doc. 146. Her requests for "clarifications" are in all other respects denied. Her request for the audio back-up file is also denied. *See* Guide to Judiciary Policy § 510.40.10(c).

Finally, the Court cautions Ms. Delima about lodging such accusations of malpractice and obstruction of justice against the Court or any of its personnel in the future, especially when those accusations are as unfounded as those lodged here. All of the officers of this Court take their duty seriously to ensure that each litigant has a full and fair opportunity to present its case. It is clear that Ms. Delima is unhappy with the jury's verdict, but this disappointment provides no excuse to baselessly accuse court personnel of deliberately altering official records in order to obstruct plaintiff's "quest for justice." (Doc. 148, p. 2).

**IT IS THEREFORE ORDERED** that Ms. Delima's Motion for Order to Correct Testimony (Doc. 148), Motion for Correction of Transcript of Zenith Thompson (Doc. 149), and Motion for Correction of Transcript of Krystal Delima (Doc. 151) are **GRANTED IN PART AND DENIED IN PART** as described above. Ms. Delima's Motion for Correction of Transcript of Christopher Milam (Doc. 150) is **DENIED**.

**IT IS SO ORDERED** on this 27th day of March, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE